J. Channing Bennett, OSB No. 022511
cbennett@ghrlawyers.com
Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
1011 Commercial Street N.E.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
    Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LISA COURTNEY<br><br>    Plaintiff,<br><br>vs.<br><br>WALLOWA SCHOOL DISTRICT #12; Former Wallowa School District #12 Superintendent MARC THIELMAN; Wallowa School District #12 Former School Board Chairperson WYLIE FREI; Wallowa School Board Member KAREN JOSI; School Board Member ED MILLAR; Wallowa School District #12 Superintendent BOB SISK<br><br>    Defendants. | No.   CV 09 837 SU<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants, the Wallowa School District #12; Marc Thielman; Karen Josi; Ed Millar; Wylie Frei, and Bob Sisk (hereinafter collectively referred to as "defendants") respond to Plaintiff's Complaint as follows:

**NATURE OF CASE**

1. To the extent paragraph 1 asserts factual allegations, they are denied.

ANSWER AND AFFIRMATIVE DEFENSES:
Courtney v. Wallowa School District, et al.

Page - 1
n:\wpdocs\80592035\answer.doc\kn
12/4/09 11:55:00

2. Defendants deny the factual allegations presented in paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 states legal conclusions to which no responsive pleading is required. Notwithstanding, defendants do not dispute jurisdiction or venue in this court.

4. Defendants admit paragraph 4.

5. Defendants admit that plaintiff sent the District tort claim notices dated November 29, 2007, and July 21, 2009. To the extent paragraph 5 makes further factual allegations, they are denied.

## PARTIES

6. Defendants admit that, at all material times, Lisa Courtney was employed by the Education Service District Region #18 ("ESD"). To the extent paragraph 6 makes further factual allegations, they are denied.

7. Defendants admit that the Wallowa School District #12 has and does employ more than 50 employees. However, defendants specifically deny that the Wallowa School District #12 ever employed plaintiff.

8. Defendants admit that Marc Thielman was the District's former superintendent.

9. Defendants admit that Wylie Frei was the District's former school board chairman.

10. Defendants admit that Ed Millar has been a District board member.

11. Defendants admit that Karen Josi has been a District board member.

12. Defendants admit that Bob Sisk is the Wallowa School District #12 superintendent.

## FACTUAL ALLEGATIONS

13. Defendants admit that plaintiff has been and is employed by the Education Service District Region #18.

14. Defendants admit that plaintiff is employed by the ESD. Defendants further admit that the ESD provides contracted-for services to the District.

ANSWER AND AFFIRMATIVE DEFENSES:
Courtney v. Wallowa School District, et al.

Page - 2
n:\wpdocs\80592035\answer.doc\ldn
12/3/09 16:19:00

15. Defendants admit that the School District is a public employer.

16. Defendants admit that plaintiff, as an ESD employee, made an error that resulted in Thielman being overpaid during the 2006-2007 academic year.

17. Defendants admit that plaintiff, as an ESD employee, erroneously issued Thielman a paycheck representing an annual salary of $85,000 instead of $80,000.

18. Defendants deny paragraph 18.

19. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 19 and, therefore, deny the same.

20. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 20 and, therefore, deny the same.

21. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 21 and, therefore, deny the same.

22. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 22 and, therefore, deny the same.

23. Defendants deny that the Wallowa School Board ever appointed plaintiff its fiscal agent. Only plaintiff's employer, the ESD, had the authority to change her job description or responsibilities.

24. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 24 and, therefore, deny the same.

25. Defendants are without sufficient knowledge to respond to the allegations presented in paragraph 25 and, therefore, deny the same.

26. Defendants are without sufficient knowledge to respond to the allegations presented in paragraph 26 and, therefore, deny the same.

27. Defendants are without sufficient knowledge to respond to the allegations presented in paragraph 27 and, therefore, deny the same.

ANSWER AND AFFIRMATIVE DEFENSES:
Courtney v. Wallowa School District, et al.

Page - 3
n:\wpdocs\80592035\answer.doc\ldn
12/3/09 16:19:00

28. Defendants admit that on or about August 22, 2007, Thielman wrote a check, out of his personal savings account, for $3,216.78, which equals the amount he was overpaid due to plaintiff's error.

29. Defendants admit that sometime in or around September, 2007, ESD employees provided Wallowa School Board members Josi, Millar and Frei packets with information. Defendants are without sufficient knowledge to respond to the remaining factual allegations in paragraph 29 and, therefore, deny the same.

30. Defendants are without sufficient information to respond to the factual allegations presented in paragraph 30 and, therefore, deny the same.

31. Defendants admit that KWVR reported a story regarding the issues surrounding Thielman's overpayment due to the negligence of ESD employees. Defendants are without sufficient knowledge to respond to the remaining allegations of paragraph 31 and, therefore, .deny the same.

32. Defendants admit that Frei faxed a signed statement to local radio station, KWVR. That statement speaks for itself. Defendants specifically deny that the statement names or references plaintiff. Defendants deny the remainder of paragraph 32.

33. Defendants admit that a true and accurate statement was prepared by the Wallowa Board and its agents in the course and scope of their duties. To the extent paragraph 33 makes other factual allegations, they are denied.

34. Defendants admit that a true and accurate statement was prepared by the Wallowa Board and its agents in the course and scope of their duties. To the extent paragraph 34 makes other factual allegations, they are denied.

35. Defendants admit that a true and accurate statement was prepared by the Wallowa Board and its agents in the course and scope of their duties. To the extent paragraph 35 makes other factual allegations, they are denied.

ANSWER AND AFFIRMATIVE DEFENSES:
Courtney v. Wallowa School District, et al.

Page - 4
n:\wpdocs\80592035\answer.doc\idn
12/3/09 16:19:00

36. Defendants admit that a true and accurate statement was prepared by the Wallowa Board and its agents in the course and scope of their duties. To the extent paragraph 36 makes other factual allegations, they are denied.

37. Defendants admit that a true and accurate statement was prepared by the Wallowa Board and its agents in the course and scope of their duties. To the extent paragraph 37 makes other factual allegations, they are denied.

38. Defendants admit that a true and accurate statement was prepared by the Wallowa Board and its agents in the course and scope of their duties. To the extent paragraph 38 makes other factual allegations, they are denied.

39. The allegations of paragraph 39 are based on an erroneous assumption that the referenced statement was inaccurate. The statement speaks for itself. To the extent paragraph 39 makes other factual allegations, they are denied.

40. Defendants are without sufficient knowledge to respond to the factual allegations of paragraph 40 and, therefore, deny the same.

41. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 41 and, therefore, deny the same.

42. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 42 and, therefore, deny the same.

43. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 43 and, therefore, deny the same.

44. The article speaks for itself. Further, plaintiff is not named or referred to in the article. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 44 and, therefore, deny the same.

45. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 45 and, therefore, deny the same.

ANSWER AND AFFIRMATIVE DEFENSES:
Courtney v. Wallowa School District, et al.

Page - 5
n:\wpdocs\80592035\answer.doc\ldn
12/3/09 16:19:00

46. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 46 and, therefore, deny the same.

47. Defendants are without sufficient knowledge to respond to the factual allegations presented in paragraph 47 and, therefore, deny the same.

48. Defendants deny paragraph 48.

49. Defendants deny paragraph 49.

50. Defendants admit that Bob Sisk was hired as the School District superintendent in May, 2008, and that he commenced his employment in or about July, 2008.

51. Defendants deny paragraph 51.

52. Defendants deny that defendants ever appointed plaintiff as its fiscal agent. To the extent that paragraph 52 makes other factual allegations, they are denied.

53. Defendants deny paragraph 53. Further, plaintiff is not an employee of ESD or Sisk.

## FIRST CLAIM FOR RELIEF
## AGAINST WALLOWA SCHOOL DISTRICT #12,
## DEFENDANTS THIELMAN, FREI, JOSI, AND MILLAR
### (42 USC § 1993 - Violation of Due Process Clause)

54. Defendants reallege and incorporate their answers to paragraph 1-53 as though set forth herein.

55. Defendants deny paragraph 55.

56. Defendants deny paragraph 56.

57. Paragraph 57 states a legal conclusion to which no responsive pleading is required. To the extent paragraph 57 makes factual allegations, they are denied.

58. Paragraph 58 states a legal conclusion to which no responsive pleading is required. To the extent paragraph 58 makes factual allegations, they are denied.

////

////

ANSWER AND AFFIRMATIVE DEFENSES:
Courtney v. Wallowa School District, et al.

Page - 6
n:\wpdocs\80592035\answer.doc\ldn
12/3/09 16:19:00

## SECOND CLAIM FOR RELIEF
## AGAINST WALLOWA SCHOOL DISTRICT #12,
## DEFENDANTS THIELMAN, FREI, JOSI, AND MILLAR

### (False Light Claim)

59. Defendants reallege and incorporate their answers to paragraphs 1-58 as though set forth herein.

60. Defendants deny paragraph 60.

61. Defendants deny paragraph 61.

62. Paragraph 62 states legal conclusions to which no responsive pleading is required. To the extent paragraph 62 makes factual allegations, they are denied.

## THIRD CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS

### (ORS 659A.203 – Prohibited Conduct by a Public Employer Against a Whistle-Blower)

63. Defendants reallege and incorporate their answers to paragraphs 1-62 as though set forth herein.

64. Defendants deny paragraph 64.

65. Defendants deny paragraph 65.

66. Defendants deny paragraph 66.

67. Defendants deny paragraph 67.

68. Defendants deny paragraph 68.

69. Defendants deny paragraph 69.

70. Defendants deny paragraph 70.

71. Paragraph 71 states legal conclusions to which no responsive pleadings are required. To the extent paragraph 71 makes factual allegations, they are denied.

/ / / /

ANSWER AND AFFIRMATIVE DEFENSES:
Courtney v. Wallowa School District, et al.

Page - 7
n:\wpdocs\80592035\answer.doc\ldn
12/3/09 16:19:00

72. Paragraph 72 states legal conclusions to which no responsive pleadings are required. To the extent paragraph 72 makes factual allegations, they are denied.

## FOURTH CLAIM FOR RELIEF
## AGAINST WALLOWA SCHOOL DISTRICT AND DEFENDANTS
## THIELMAN, FREI, JOSI AND MILLAR

### (Negligence)

73. Defendants reallege and incorporate their answers to paragraphs 1-72 as though set forth herein.

74. Defendants deny paragraph 74.

75. Defendants deny paragraph 75.

76. Defendants deny paragraph 76.

77. Defendants deny paragraph 77.

## FIFTH CLAIM FOR RELIEF
## AGAINST WALLOWA SCHOOL DISTRICT AND DEFENDANT SISK

### (ORS 659A.230 – Discrimination for Initiating or
### Aiding in a Criminal or Civil Proceeding)

78. Defendants reallege and incorporate their answers to paragraph 1-77 as though set forth herein.

79. Defendants deny paragraph 79.

80. Defendants deny paragraph 80.

81. Defendants deny paragraph 81.

82. Defendants deny paragraph 82.

83. Paragraph 83 states a legal conclusion to which no responsive pleading is required. To the extent paragraph 83 makes factual allegations, they are denied.

## DEMAND FOR A JURY TRIAL

84. Defendants join in plaintiff's demand for a jury trial.

ANSWER AND AFFIRMATIVE DEFENSES:
Courtney v. Wallowa School District, et al.

Page - 8
n:\wpdocs\80592035\answer.doc\ldn
12/3/09 16:19:00

85. Except as expressly admitted above, defendants deny each and every one of plaintiff's factual allegations.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

86. Plaintiff fails to state a claim against defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

87. Plaintiff is not entitled to relief because she has failed to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

### (Oregon Tort Claims Act)

88. Plaintiff's Oregon statutory and common law claims against defendants are against a public entity and/or agents thereof, and as such, any action available to plaintiff are subject to the conditions, limitations, and immunities set forth in the Oregon Tort Claims Act, ORS 30.260 *et. seq.*

### FOURTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

89. The individual defendants are immune from liability for civil damages because their conduct does not violate any clearly established statutory or constitutional right of which a reasonable person would have known.

### FIFTH AFFIRMATIVE DEFENSE

### (Individual Liability)

90. At all times relevant to the Complaint, the individual defendants were acting within the course and scope of their employment and are thus not subject to individual liability pursuant to 42 U.S.C. § 1983.

////

////

ANSWER AND AFFIRMATIVE DEFENSES:
Courtney v. Wallowa School District, et al.

Page - 9
n:\wpdocs\80592035\answer.doc\ldn
12/3/09 16:19:00

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

91. Plaintiff is not entitled to relief because all or a portion of her claims occurred outside the appropriate statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Defendants are not Plaintiff's Employer)

92. Plaintiff's claims may only be brought against her employer. The named defendants do not presently, nor have they ever, employed plaintiff. As such, defendants may not be liable for the claims plaintiff has asserted against them.

## ATTORNEY'S FEES AND COSTS

93. Defendants are entitled to recover their attorney's fees and costs.

WHEREFORE, defendants pray that plaintiff's Complaint be dismissed with prejudice and that she take nothing therefrom. Further stating, defendants request that they be awarded their costs and attorney's fees in defending this action and such other relief as the court deems just and equitable.

DATED this 4 day of December, 2009.

GARRETT HEMANN ROBERTSON P.C.

_____
J. Channing Bennett, OSB No. 022511
cbennett@ghrlawyers.com
Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
503-581-1501
503-581-5891 (FAX)
Of Attorneys for Defendants Wallowa School District #12;
Marc Thielman; Karen Josi; Ed Millar; and Bob Sisk

ANSWER AND AFFIRMATIVE DEFENSES:
Courtney v. Wallowa School District, et al.

Page - 10
n:\wpdocs\80592035\answer.doc\ldn
12/3/09 16:19:00

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Answer and Affirmative Defenses** on the date indicated below,

- [x] Via Regular Mail with postage prepaid
- [ ] Via Email Transmission
- [x] Via Electronic Filing Notice
- [ ] Via Facsimile Transmission
- [ ] Via Hand Delivery
- [ ] Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

CHARESE ROHNY
Attorney at Law
1515 S.W. Fifth Avenue, Suite 1010
Portland OR  97201
*OSB No. 953964*
*Tel 503 449-2291*
*Fax 503 248-9533*
  Of Attorneys for Plaintiff

DATED this ___4___ day of December, 2009.

GARRETT HEMANN ROBERTSON P.C.

_____
J. Channing Bennett, OSB No. 022511
cbennett@ghrlawyers.com
Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
503-581-1501
503-581-5891 (FAX)
Of Attorneys for Defendants Wallowa School District #12;
Marc Thielman; Karen Josi; Ed Millar; and Bob Sisk

CERTIFICATE OF SERVICE: COURTNEY V.
WALLOWA SCHOOL DISTRICT #12, ET AL.

Page - 11
n:\wpdocs\80592035\answer.doc\ldn
12/3/09 16:19:00